## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

**Lewis Eric Owens,**     )
    **Plaintiff,**          )
                             )
**v.**                                 )        1:15cv1580 (TSE/MSN)
                             )
**Commonwealth of Virginia,**    )
    **Defendant.**         )

### MEMORANDUM OPINION

Lewis Eric Owens, a Virginia inmate proceeding pro se, has filed a pleading captioned as a "Request for Court Order," which has been docketed as a civil rights action, pursuant to 42 U.S.C. § 1983, alleging that his rights under the Interstate Agreement on Detainers Act ("IADA") have been abridged. Plaintiff has neither paid the statutory filing fee for this action nor applied to proceed in forma pauperis. After reviewing plaintiff's complaint, the claim against the defendant must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1] Plaintiff has also filed motions for the appointment of counsel and for injunctive relief, both of which will be denied, as moot.

---

[1] Section 1915A provides:

    (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
        (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.

## I.

Plaintiff states that he was incarcerated in South Carolina when he "filed IADA paperwork" with authorities in Accomack County, Virginia on May 13, 2015. Specifically, plaintiff alleges that the Attorney General's Office in South Carolina forwarded to Virginia copies of the IADA forms entitled "Inmate's Notice of Place of Imprisonment and Request for Disposition of Indictments, Information or Complaints," "Certificate of Inmate Status," and "Agreement on detainers Offer to deliver temporary Custody." Compl., Att. A. Plaintiff also executed a Waiver of Extradition. Id. Plaintiff alleges that Virginia authorities thereafter "waited appx. 170 days" before they picked plaintiff up at his South Carolina institution on his release date, October 30, 2015. Compl. at 1. Plaintiff argues that under the IADA, Virginia had 180 days to bring him to trial but failed to do so, but his counsel has refused to file a motion to dismiss the charges and the state court will not respond to plaintiff's letters. He therefore seeks an order from this Court directing the Accomack County Circuit Court to dismiss the pending charges. Compl. at 2.

Plaintiff subsequently filed a Request for Injunctive Relief, in which he states that he had appeared at a preliminary hearing and was bound over to a grand jury. All but one of the charges he originally faced - three counts of grand larceny, possession of a firearm, and theft of a firearm - were *nolle prosequi*, and he currently is charged with a single count of grand larceny. When plaintiff argued that all of the charges should have been dismissed with prejudice, the prosecutor served him with a new felony warrant. Plaintiff argues that the new warrant was unlawful because "the 180 days for [him] to be brought to trial under the IADA ha[d] expired and the Commonwealth's Attorney is purposefully using unethical tactics to keep [him] incarcerated

after the time allowed under the IADA." (Dkt. No. 3)

## II.

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950.

## III.

Plaintiff is not entitled to the relief he seeks because the exhibits he has supplied demonstrate that the detainer placed against him by Virginia authorities was based on felony

arrest warrants. By its terms, the IADA is implicated when a prisoner is subject to an "untried indictment, information or complaint on the basis of which the detainer has been lodged ...". Va. Code Ann. §53.1-210, Art. III(a). However, it does not apply where a detainer is based on a felony arrest warrant. Brown v. Caldwell, 2014 WL 4540332 at *11 (W.D. Va. Sept. 11, 2014) ("Courts in Virginia have held that the IADA does not apply where a detainer is based on a felony arrest warrant."); Rogers v. Att'y Gen'l of Virginia, 2008 WL 4829622 at *5 (E.D. Va. 2008) (citing Locklear v. Commonwealth, 7 Va. App. 659, 663, 376 S.E. 2d 793, 795 (1989) for the proposition that "felony arrest warrant is not an untried indictment or information, nor is it a complaint."). Among the "IADA paperwork" plaintiff has attached as an exhibit to the complaint in this case are copies of four felony arrest warrants issued for him by the General District Court in Accomack County, Virginia on charges of grand larceny, theft of a firearm and possession of a firearm by a convicted felon. Compl., Att. A. Plaintiff's exhibits thus make it plain that the detainer lodged against him by Virginia authorities was based not on an untried indictment, information or complaint but rather on felony arrest warrants. Accordingly, the IADA was not implicated, and plaintiff states no claim for which relief can be granted.

## IV. Conclusion

For the foregoing reasons, the complaint must be dismissed for failure to state a claim pursuant to § 1915A. Plaintiff's Request for Counsel and his Motion for Injunctive Relief must be denied, as moot. An appropriate Order shall issue.

Entered this ___5th___ day of ___May___ 2016.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge